UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IVAN GOLLMAN,

        Petitioner,        Case Number: 08-CV-10221

v.        HON. JOHN CORBETT O'MEARA

LINDA METRISH,

        Respondent.
_____/

### ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL, MOTION FOR DISCOVERY, AND MOTION REQUESTING STATE TO PROVIDE PETITIONER WITH RULE 5 MATERIALS

Petitioner Ivan Gollman has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Now before the Court are Petitioner's Motion for Appointment of Counsel, Motion for Discovery, and Motion Requesting State to Provide Petitioner With Rule 5 Materials.

There exists no constitutional right to the appointment of counsel in civil cases, and the court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In the instant case, the Court determines after careful consideration that the interests of justice do not require appointment of counsel.

Petitioner also has filed a Motion for Discovery. In the motion, Petitioner asks the Court to require the state court to produce a copy of its case docket for January 30, 2003. Petitioner

argues that discovery of this docket information may lead to the discovery of exculpatory evidence.  "Habeas petitioners have no right to automatic discovery." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).  Rule 6(a) permits district courts to authorize discovery in habeas corpus proceedings "if and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so." Rules Governing Section 2254 Cases in the United States District Courts, R. 6(a).  "Rule 6 embodies the principle that a court must provide discovery in a habeas proceeding only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'"  *Williams v. Bagley*, 380 F.3d 932, 975 (6th Cir. 2004), *quoting Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997).  "Rule 6 does not 'sanction fishing expeditions based on a petitioner's conclusory allegations.'" *Id., quoting Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997).  Petitioner's request for discovery appears to be a fishing expedition.  Petitioner's argument in support of his request is based upon conclusory, unsupported, general allegations.  The Court, therefore, will deny this request.

In his Motion Requesting State to Provide Petitioner With Rule 5 Materials, Petitioner asks for production of two exhibits which were entered at trial.  The two exhibits are photographs of the lineup from which Petitioner was identified.  Other than a general claim that these exhibits are relevant to his claims, Petitioner fails to provide any specific reasons why these exhibits are necessary for a fair adjudication of his habeas claims.  The Court concludes that production of these photographs is not necessary and denies the motion.

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Appointment of Counsel [dkt. #7], Motion for Discovery [dkt. # 8], and Motion Requesting State to Provide Petitioner

With Rule 5 Materials [dkt. 9] are **DENIED**.

               s/John Corbett O'Meara
               United States District Judge

Date:  January 22, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 22, 2009, by electronic and/or ordinary mail.

               s/William Barkholz
               Case Manager