UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IVAN C. GOLLMAN,

    Petitioner,

v.           CASE NO. 5:08-cv-10221
           JUDGE JOHN CORBETT O'MEARA
LINDA M. METRISH,

    Respondent.
_____/

## OPINION AND ORDER DENYING
## APPLICATION FOR A WRIT OF HABEAS CORPUS

  Ivan C. Gollman ("Petitioner"), a state prisoner currently confined at the Lakeland

Correctional Facility in Coldwater, Michigan, has filed an application for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  Petitioner challenges his convictions of assault with intent to

commit murder, MICH. COMP. LAWS § 750.83, and possession of a firearm during the

commission of a felony, MICH. COMP. LAWS  § 750.227b, which were imposed following a 2003

jury trial in Wayne County Circuit Court.  In his application, Petitioner alleges that the state trial

court lacked jurisdiction, that his appellate counsel was constitutionally ineffective, and that he

was denied due process during his trial because the prosecution failed to produce a *"res gestae"*

witness, because there was insufficient evidence to sustain his assault conviction, and because

the trial court did not allow in certain evidence related to alleged witness tampering.  For the

reasons explained below, Petitioner's application for a writ of habeas corpus is **DENIED**.

### I.  Background

  Petitioner's convictions arise from the shooting of Ronnie Smith during the early

morning of August 25, 2002 in Detroit, Michigan.  Mr. Smith was walking home from a party in

his neighborhood with his friend Tiffany Pickett.  Mr. Smith was approached by an individual who proceeded to shoot Mr. Smith in the face.  Though injured and left with a bullet in his spine, Mr. Smith survived the shooting.  Mr. Smith identified Petitioner as the shooter in his testimony during the preliminary examination but testified at trial that he actually could not identify the shooter.  Several witnesses, however, including Tiffany Pickett, testified at trial that the individual who shot Mr. Smith was Petitioner. After deliberating for approximately one hour, the jury returned guilty verdicts on the assault with intent to murder charge and the felony firearm charge.  The state trial court sentenced Petitioner to seventeen years and six months to twenty-five years and ten months for the assault conviction to be served consecutive to a mandatory two years for the felony firearm conviction.

Following sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising two issues: 1) that the trial court erred by failing to instruct the jury about how it should consider witnesses' inconsistent statements; and 2) that the trial court erred by failing to instruct the jury that the crimes charged required proof of "specific intent."  Petitioner's convictions were affirmed.  *People v. Gollman*, No. 247849, 2004 WL 2291344 (Mich. Ct. App. Oct. 12, 2004) (unpublished).  Petitioner filed a motion for leave to appeal with the Michigan Supreme Court, and raised three new issues[1] in addition to the two issues he raised in the

---

[1]  Because Petitioner failed to raise the three new claims before the Michigan Court of Appeals, they are considered waived before the Michigan Supreme Court. *Merkel v. White*, No. 06-13885, 2008 WL 4239497, at *3 (E.D. Mich. Sept. 11, 2008) (citing *Lawrence v. Will Darrah & Assoc., Inc.* 445 Mich. 1, 4 n.2 (1994); *Butcher v. Treas. Dept.*, 425 Mich. 262, 276 (1986)).  Petitioner raised one of the three new claims in his post-conviction motion and in the present application for a writ of habeas corpus (Claim VI).  But for Petitioner raising Claim VI in his post-conviction motion, he would have failed to satisfy the exhaustion requirement for habeas purposes.  *Id.* (citations omitted).  As will be discussed below, Petitioner must still overcome the issue of

Michigan Court of Appeals; the motion for leave to appeal was denied. *People v. Gollman*, 472 Mich. 939, 698 N.W.2d 394 (2005).

Petitioner then filed a post-conviction motion for relief from judgment pursuant to Michigan Court Rule 6.502 raising the same claims he asserts in his present application for a writ of habeas corpus. The trial court rejected these claims, because petitioner failed to show cause and prejudice, as required by Michigan Court Rule 6.508(D)(3), for not raising the claims in his direct appeal. *People v. Gollman,* No. 02-011287-01 (Wayne County Cir. Ct. July 18, 2006). Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising the same claims. The court denied leave to appeal for "failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Gollman*, No. 275047 (Mich. Ct. App. June 1, 2007) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which it denied for "failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Gollman*, 480 Mich 921, 740 N.W.2d 245 (2007).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I.   THE CIRCUIT COURT WAS DIVESTED OF JURISDICTION TO TRY THE DEFENDANT FOR THE CRIME IN QUESTION BECAUSE THE BIND OVER WAS PREDICATED UPON PERJURED TESTIMONIAL EVIDENCE DURING THE PRELIMINARY EXAMINATION BY THE PROSECUTORS KEY WITNESS WHICH CONSTITUTES A RADICAL JURISDICTIONAL DEFECT.

II.  DEFENDANT GOLLMAN WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL DURING HIS APPEAL OF RIGHT IN THE MICHIGAN COURT OF APPEALS GUARANTEED BY THE 6TH AND 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1 § 20

---

whether he procedurally defaulted Claim VI and the other claims he raised for the first time before the state courts in his post-conviction motion.

OF THE MICHIGAN CONSTITUTION 1963 WHERE HIS APPELLATE COUNSEL'S OMISSION OF MERITORIOUS ISSUES WHICH WERE CLEARLY STRONGER THAN THOSE HE PRESENTED FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS AND BUT FOR COUNSEL'S OMISSIONS THERE WAS A REASONABLE PROBABILITY THAT THE RESULT OF HIS APPEAL WOULD HAVE BEEN DIFFERENT.

III.    THE DEFENDANT WAS DENIED HIS APPEAL OF RIGHT WHEN APPELLATE COUNSEL CIRCUMVENTED SUPREME COURT ADMINISTRATIVE ORDER 1981-7(11) REGARDING THE DEFENDANT'S RIGHT TO HAVE THOSE ISSUES PRESENTED IN WHICH HE INSISTED BE RAISED ON APPEAL AND TO BE PROVIDED WITH THE CLERICAL ASSISTANCE IN RAISING SAME.

IV.    DEFENDANT GOLLMAN WAS DENIED A FAIR TRIAL AND COMPULSORY DUE PROCESS WHEN THE PROSECUTOR FAILED TO MAKE A GOOD FAITH EFFORT TO LOCATE THE MISSING WITNESS VANESSA NICHOLS WHO WOULD HAVE PROVIDED EXCULPATORY TESTIMONIAL EVIDENCE FOR THE DEFENDANT WHICH RESULTED IN A VIOLATION OF DEFENDANT'S FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS AND EQUAL PROTECTION OF THE LAWS.

V.    DEFENDANT IVAN GOLLMAN IS ACTUALLY INNOCENT OF THE CRIME AND WAS DENIED DUE PROCESS WHERE THE EVIDENCE PREPONDERATES HEAVILY AGAINST THE VERDICT WHERE SUFFICIENT EVIDENCE WAS LACKING TO JUSTIFY A RATIONAL TRIER OF FACT IN FINDING GUILT BEYOND A REASONABLE DOUBT WHEN THE TESTIMONY SUPPORTING THE VERDICT WAS IMPEACHED AND DEPRIVED OF ALL PROBATIVE VALUE RESULTING IN A MISCARRIAGE OF JUSTICE.

VI.    THE DEFENDANT WAS DENIED COMPULSORY DUE PROCESS WHEN THE COURT GAVE HIM AN ULTIMATUM TO TAKE THE WITNESS STAND AND TESTIFY TO HIS JURY ABOUT THE CONTENT OF THE CONVERSATION HE DIRECTLY HEARD DETECTIVE MITCHELL AND THE COMPLAINING WITNESS AND OTHERS DISCUSSING ABOUT KEY TESTIMONY WHILE IN A RESTRICTED AREA OF THE COURTHOUSE WHICH WAS TANTAMOUNT TO WITNESS TAMPERING.  WHILE REFUSING DEFENSE COUNSEL'S REQUEST TO EXAMINE DETECTIVE MITCHELL OUTSIDE OF THE JURY'S PRESENCE CONSEQUENTLY ABRIDGING DEFENDANT'S 5TH AND 6TH AMENDMENT RIGHTS OF THE UNITED STATES CONSTITUTION.

**II.  Standard of Review**

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Simply stated, under § 2254(d), Petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts."  *Price v. Vincent*, 538 U.S. 634, 639 (2003).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id*.

"[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable."  *Id*. at 409.  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  *Id*. at 411.  "Rather, it is the habeas

5

applicant's burden to show that the state court applied [Supreme Court precedent] to the facts of his case in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).

### III.  Discussion

### A.  Procedural Default

Respondent contends that Petitioner's claims are procedurally defaulted because he raised them for the first time in his post-conviction motion for relief from judgment and has not shown cause for failing to raise these issues in his appeal of right, as well as prejudice, as required by Michigan Court Rule 6.508(D)(3).  In making this argument, Respondent does not distinguish among the six claims Petitioner has filed in this federal habeas action.  In Claim I, as will be discussed in more detail below in section III.D, Petitioner has raised a non-cognizable claim for which he is not entitled to federal habeas relief whether or not the claim was procedurally defaulted.  In Claims II and III[2], Petitioner contends that his appellate counsel was constitutionally deficient in failing to raise the issues he raised in his post-conviction motion in his direct appeal.  Petitioner could not have procedurally defaulted this ineffective assistance of appellate counsel claim because state post-conviction review was the first opportunity that he had to raise them.  *See Hicks v. Straub*, 377 F.3d 538, 558 n. 17 (6th Cir. 2004); *Johnson v. Warren,* 344 F.Supp.2d 1801, 1089 n. 1 (E.D. Mich. 2004).  The court will discuss the merits of this issue in section III.E below.  Thus, Petitioner's remaining Claims IV, V and VI are the claims subject to the procedural default analysis.

---

[2]The court construes Petitioner's Claims II and III as asserting the same argument that appellate counsel was ineffective for failing to raise what Petitioner considered were meritorious issues in his direct appeal.

If a petitioner failed to present federal habeas claims to the state courts in accordance with the state's procedural rules, such claims are procedurally defaulted and federal habeas review is barred. *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000) (citations omitted); *see also Burroughs v. Makowski*, 282 F.3d 410, 413 (6th Cir. 2002) (procedural default is based upon "independent and adequate state ground doctrine" that bars federal habeas review when state court declines to address prisoner's federal claims because of failure to meet state procedural requirement) (citing *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991)).

To determine whether a petitioner has procedurally defaulted a federal claim in state court, a federal habeas court must determine whether:

> 1) the petitioner failed to comply with an applicable state procedural rule; 2) the last state court rendering judgment on the claim at issue, in fact enforced the applicable state procedural rule so as to bar that claim; and 3) the state procedural default is an adequate and independent state ground properly foreclosing federal habeas review of the petitioner's federal claim at issue.

*Hicks*, 377 F.3d at 551 (citations omitted). If under these standards a petitioner is shown to have procedurally defaulted his federal claims in state court, federal habeas review is barred unless the petitioner demonstrates either: "1) cause for his failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, or 2) that a lack of federal habeas review of the claim's merits will result in a fundamental miscarriage of justice." *Id.* at 551-52 (citing *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

First, it is undisputed that Petitioner failed to comply with Michigan Court Rule 6.508(D)(3)[3] when he filed his post-conviction motion for relief from judgment because the motion contained Claims IV, V and VI, which he had not raised in his earlier direct appeal.[4]

The second factor in determining whether Petitioner procedurally defaulted these claims is similarly satisfied.  Under this factor, the "state judgment" to be analyzed is "the last explained state-court judgment."  *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis in original). The last state court rendering judgment in Petitioner's state proceedings was the Michigan Supreme Court which denied leave to appeal the trial court's denial of his motion for relief from judgment for "failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)."  *People v. Gollman*, 480 Mich 921 (2007).  The Sixth Circuit has repeatedly held that identical, formulaic one-sentence orders denying relief in reliance on Michigan Court Rule 6.508(D) constitute "explained" decisions that enforce a state procedural bar to federal habeas review.  *Simpson,* 238 F.3d at 408; *accord Munson v. Kapture,* 384 F.3d 310, 314 (6th Cir. 2004), *cert. denied*, 544 U.S. 1002 (2005);  *Burroughs*, 282 F.3d at 414.  *But see Abela v. Martin*, 380 F.3d 915, 922-23 (6th Cir. 2004) (interpreting identical order of the Michigan Supreme Court based upon Michigan Court Rule 6.508(D) as unexplained where lower state court opinion ruled

---

[3]Under Michigan law, a court may not grant post-conviction relief to a defendant if, absent a showing of cause and prejudice, the post-conviction motion "alleges grounds for relief . . . which could have been raised on [direct] appeal from the conviction and sentence . . . ."  Mich. Ct. R. 6.508(D)(3).

[4]As noted above, Petitioner raised Claim VI in his first application for leave to appeal before the Michigan Supreme Court.  However, raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes.  *Merkel*, 2008 WL 4239497 at *3 (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

8

on merits of state prisoner's claims).[5]   As noted above, the state trial court expressly relied upon

Michigan Court Rule 6.508(D)(3) in denying Petitioner's post-conviction motion for relief from

judgment, finding that he had failed to establish cause and prejudice for his failure to raise these

issues on direct appeal.  *People v. Gollman,* No. 02-011287-01  (Wayne County Cir. Ct. July 18,

2006)[6].

The third factor in our analysis concerns whether the state procedural default is an

adequate and independent state ground to prevent federal habeas review of the underlying

federal issue.  *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  "It is well-established in this

circuit that the procedural bar set forth in Rule 6.508(D) constitutes an adequate and independent

ground on which the Michigan Supreme Court may rely in foreclosing review of federal claims."

*Munson*, 384 F.3d at 315 (citing *Simpson*, 238 F.3d at 407-08; *Burroughs*, 282 F.3d at 410)).  It

is an adequate and independent state ground for precluding federal review because the rule was

firmly established and regularly followed at the time of Petitioner's direct appeal, and was

_____

[5]In a recent unpublished opinion, the Sixth Circuit notes an intra-circuit conflict between *Abela* on the one hand and *Simpson, Burroughs* and *Munson* on the other. *Alexander v. Smith*, No. 06-1569, 2009 WL 426261, at *5-*6 (6th Cir. Feb. 20, 2009). The *Alexander* court finds the *Simpson* line of authority controlling, which holds that a one-sentence order by the Michigan Supreme Court citing Michigan Court Rule 6.508(D) constitutes a reasoned decision invoking a procedural bar such that the content of earlier state court decisions - whether or not they rest on the procedural bar or on the merits – cannot be considered. Id. at *6.

[6]In *Ivory v. Jackson*, 509 F.3d 284, 292 (6th Cir. 2007), the Sixth Circuit panel seems to concur with the *Abela* panel that whether or not a one-sentence order from the Michigan Supreme Court that relies upon Michigan Court Rule 6.508(D) is a "reasoned state-court opinion" for purposes of procedural default analysis, depends upon whether or not lower state courts address the merits of a state prisoner's claims.  It distinguishes *Simpson* and *Burroughs*, which found a procedural bar, from *Abela*, which did not, because only in the latter did the lower courts reach a decision based upon the merits. *Ivory*, 509 F.3d at 292-93.  The *Alexander* court rejects this distinction as "legally irrelevant."  *Alexander*, 2009 WL 426261 at *6.

actually followed by the Michigan Supreme Court in this case. *Hicks*, 377 F.3d at 557 (citation omitted). The court concludes that Petitioner procedurally defaulted Claims IV, V and VI by failing to raise them on direct appeal.

### B.  Cause and Prejudice

A Petitioner seeking federal habeas review of a procedurally defaulted claim must demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law before a federal habeas court will consider the merits of the claim. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (citing *Coleman*, 501 U.S. at 750). The only exception to this rule is when a habeas petitioner can demonstrate that the failure to consider the claim will result in a fundamental miscarriage of justice. *Id.*

Petitioner contends that his appellate counsel was constitutionally ineffective for failing to raise his other claims on direct appeal. If Petitioner's position is correct, appellate counsel's ineffectiveness may constitute cause to excuse any procedural default. *Murray*, 477 U.S. at 488.

> In order to succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show errors so serious that counsel was scarcely functioning as counsel at all and that those errors undermine the reliability of the defendant's convictions. Strategic choices by counsel, while not necessarily those a federal judge in hindsight might make, do not rise to the level of a Sixth Amendment violation.

*Burton v. Renico*, 391 F.3d 764, 774 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 682 (6th Cir.2000), *cert. denied*, 532 U.S. 958 (2001)), *cert. denied,* 546 U.S. 821 (2005).

Petitioner has asserted ineffective assistance of appellate counsel as both cause for procedural default, and as an independent ground for habeas relief in Claims II and III. For both purposes, Petitioner must demonstrate that appellate counsel's errors rose to the level of a

constitutional violation of the right to counsel. *Id.* The Sixth Amendment guarantees the accused in a criminal proceeding the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* established a two-part test for evaluating claims of ineffective assistance. First, a defendant must show that counsel's performance was deficient by demonstrating that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. The second prong of *Strickland* examines whether the defendant was prejudiced by counsel's deficient performance. To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In challenging the work of his appellate counsel, Petitioner must show that the claims appellate counsel failed to raise would have succeeded on appeal. *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000) (citing *Strickland*, 466 U.S. at 694). The first prong of *Strickland* – deficient performance – need not be addressed if the second prong – prejudice – is lacking. *Strickland*, 466 U.S. at 697. The prejudice required under *Strickland* is very similar to the showing of prejudice required to overcome a procedural default. *Joseph v. Coyle*, 469 F.3d 441, 462-63 (6th Cir. 2006), *cert. denied,* 549 U.S. 1280 (2007). Where, as here, a petitioner seeks to excuse his default on the ground of ineffective assistance of counsel, if he can establish *Strickland* prejudice, he will also establish prejudice necessary to overcome his procedural default. *Id.* On the other hand, where a petitioner asserting ineffective assistance of counsel as cause cannot establish *Strickland* prejudice, he necessarily fails to establish the prejudice as well as the cause necessary to overcome his procedural default as well. With this framework in mind, the court will now examine the failure of Petitioner's counsel to raise Claims IV, V and VI on direct appeal.

11

**1.  Claim IV - Failure to Locate Missing Witness Vanessa Nichols.**

Petitioner argues that his rights to due process and a fair trial were violated because the prosecutor failed to produce a res gestae witness for trial who he alleges would have given exculpatory testimony.  In ruling on the post-conviction motion for relief from judgment, the state trial court rejected Petitioner's claim as follows:

> [D]efendant asserts that he was denied a fair trial when the prosecutor failed to locate missing res gestae witness Vanessa Nichols.  Nichols was an eyewitness to the shooting who gave a description of the perpetrator to the police.  However, she was unable to identify defendant as the shooter in a lineup.  Defendant argues that this amounted to exculpatory evidence and that the prosecutor did not make a good faith effort in attempting to locate her and subpoena her for trial.  The Court disagrees.

> "A res gestae witness is a person who witnesses some event in the continuum of a criminal transaction and whose testimony will aid in developing a full disclosure of the facts."  *People v. O'Quinn*, 185 Mich. App. 40, 44; 460 NW2d 264 (1990), overruled in part on other grounds, *People v. Koonce*, 466 Mich. 515; 648 NW2d 153 (2002).  The res gestae statute, MCL 767.40a, no longer requires a prosecutor to produce a res gestae witness, but replaces the prosecutor's duty with the duty to provide notice of known witnesses and to give reasonable assistance in locating witnesses if a defendant requests such assistance.  *People v. Snider*, 239 Mich. App. 393, 428; 608 NW2d 502 (2000).  Once a witness has been endorsed for trial by the prosecutor, the prosecutor must use due diligence to produce the witness at trial.  *People v. Eccles*, 260 Mich. App. 379, 388; 677 NW2d 76 (2004).

> Here, the prosecutor provided defendant with notice of Nichols, including her address.  However, because Nichols was not a witness endorsed by the prosecutor, the prosecutor was only obligated to provide reasonable assistance and not due diligence in locating the witness.  Defense counsel tried several times to get in contact with Nichols, but each time was informed that she was unavailable.  The prosecutor also tried to get in contact with Nichols via phone, and was also unsuccessful in speaking with her.  The prosecutor then informed the Court that he would be sending the officer-in-charge to her home in an attempt to make contact with her.  Apparently, the officer-in-charge was unsuccessful in locating her, as Nichols did not testify.  Under these circumstances, the Court is satisfied that the prosecutor fulfilled his duty to provide reasonable assistance in locating Nichols.

> In any event, given the identification testimony of Williams and Pickett, defendant has not shown that but for the failure to obtain Nichols' testimony, defendant had a reasonably likely chance of acquittal. MCR 6.508(D)(3)(b)(i). The Court finds no merit in defendant's contention that because Nichols could not pick him out of a lineup, he therefore could not have committed the crime. Accordingly, defendant will not be granted relief from judgment for the prosecution's failure to procure Nichols.

*People v. Gollman*, No. 02-011287-01 at 4-5 (Wayne Cty. Cir. Ct. Jul. 18, 2006).

There is no clearly established Supreme Court law recognizing a constitutional right to a res gestae witness. See *Atkins v. Foltz*, 856 F.2d 192, 1988 WL 87710, at *2 (6th Cir. Aug.24, 1988) (citing *United States v. Bryant*, 461 F.2d 912, 916 (6th Cir.1972))  Petitioner argues that the prosecution's failure to locate and produce the res gestae witness violated the Supreme Court's holding in *Brady v. Maryland*, 373 U.S. 83 (1963). Under *Brady*, "suppression by the prosecution of evidence favorable to an accused ... violates due process where the evidence is material, either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87.  The Supreme Court has held that "[t]here are three components of a true *Brady* violation: [t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene,* 527 U.S. 263, 281-82 1999.  *Brady* is concerned only with cases in which the government possesses information which the defendant does not, and the government's failure to disclose the information deprives the defendant of a fair trial.

Assuming the evidence was exculpatory, Petitioner cannot establish a *Brady* violation because the evidence was not suppressed but rather it was disclosed by the prosecution. *Brady* applies when the prosecution completely fails to disclose. *United States v. Word*, 806 F.2d 658,

665 (6th Cir. 1986) (citing *United States v. Holloway,* 740 F.2d 1373, 1381 (6th Cir.), *cert. denied,* 469 U.S. 1021 (1984)), *cert. denied,* 480 U.S. 922 (1987).

Petitioner also appears to argue that the state's failure to produce witness Vanessa Nichols violated the state's res gestae requirements in MICH. COMP. LAWS § 767.40a. As the facts reflect, the state did not designate Nichols as a government witness, Petitioner and Petitioner's counsel were aware of Nichols pre-trial statements and her contact information, and both sides made several unsuccessful attempt to locate Nichols prior to trial. This claim that the state violated state law is not cognizable on federal habeas review where circumstances do not reflect that Petitioner was denied fundamental fairness. *See generally Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *see also Moreno v. Withrow*, No. 94-1466, 1995 WL 428407, at *1 (6th Cir. Jul. 19, 1995) (failure to call res gestae witness is matter of state law not cognizable on federal habeas review); *Johnson v. Hofbauer,* 159 F.Supp.2d 582, 601 (E.D. Mich. 2001).

Accordingly, Petitioner's claims based upon the state's failure to produce Vanessa Nichols lack merit and would not have provided the basis for a successful appeal. Therefore, Petitioner's appellate counsel was not constitutionally ineffective for failing to raise such claims in the direct appeal and Petitioner has failed to establish prejudice under *Strickland. See Smith,* 528 U.S. at 285-86 (to demonstrate ineffective assistance of appellate counsel, must show that the claims counsel failed to raise would have succeeded on appeal). Further, the inability to establish prejudice under *Strickland* necessarily means that Petitioner cannot establish cause and

14

prejudice to excuse his procedural default.  *Joseph,* 474 F.3d at 462-63.  Petitioner is not entitled

to habeas relief on Claim IV.

## 2.  Claim V - Sufficiency of the Evidence

Petitioner contends that because the evidence at trial was inconsistent and  contradictory

it was insufficient to support this conviction.  In ruling on the post-conviction motion for relief

from judgment, the state trial court rejected Petitioner's claim as follows:

> The elements of assault with intent to commit murder are (1) an assault, (2) with
> an actual intent to kill, (3) which, if successful, would make the killing a murder.
> *People v McRunels,* 237 Mich App 168, 181; 603 NW2d 95 (1999).  Evidence
> presented at trial established that defendant walked up to [the victim] Smith,
> pointed the gun at his face, and pulled the trigger.  The intentional discharge of a
> firearm at someone within range, under circumstances that did not justify, excuse,
> or mitigate the crime, is sufficient to prove assault with intent to commit murder.
> *People v Johnson*, 54 Mich App 303, 304; 220 NW2d 750 (1974).  However
> defendant maintains that discrepancies in witness testimony amount to
> insufficient evidence that he was guilty.
>
> Witness credibility determinations, in light of inconsistent testimony, go to the
> weight, not the sufficiency of the evidence.  *People v. Naugle*, 152 Mich App 227,
> 235-236; 393 NW2d 592 (1986).  Each of the alleged inconsistencies cited by
> defendant was brought out and presented to the jury by counsel.  Absent
> exceptional circumstances, issues of witness credibility are for the jury.  *People v
> Lemmon,* 456 Mich 625, 242; 576 NW2d 129 (1998).  The Court in *Lemmon*
> noted "that, when testimony is in direct conflict and testimony supporting the
> verdict has been impeached, if 'it cannot be said as a matter of law that the
> testimony thus impeached was deprived of all probative value or that the jury
> could not believe it,' the credibility of witnesses is for the jury."  *Id* at 642-643,
> quoting *Anderson v Conterio,* 303 Mich 75, 79; 5 NW2d 572 (1942)
>
> Here, whatever conflicts there were in witness testimony were for the jury to
> resolve.  The jury, apparently having found the prosecution witnesses credible in
> their identification of defendant, found defendant guilty.  This Court will not
> interfere with the jury's determination and will not grant defendant relief from
> judgment based on the alleged inconsistencies and contradictions in witness
> testimony.

*People v. Gollman*, No. 02-011287-01 at 5-6 (Wayne Cty. Cir. Ct. Jul. 18, 2006).

The Due Process Clause  "forbids a State to convict a person of a crime without proving the elements of that crime beyond a reasonable doubt."  *Fiore v. White*, 531 U.S. 225, 228-29 (2001) (citing *Jackson v. Virginia*, 443 U.S. 307, 316 (1979); *In re Winship*, 397 U.S. 358, 364 (1970)).  Sufficient evidence supports a conviction if, "after viewing the evidence  in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson*, 443 U.S. at 319.

At trial, three witnesses identified Petitioner as the person who shot Ronnie Smith.  The first witness, Tiffany Pickett, was within two or three feet of Smith when he was shot.  She testified that after a party, which they all attended, Petitioner walked up to Smith, pointed a gun and shot him in the face.  Trial Tr., pp. 19-22.  Pickett testified that she could see Petitioner's face clearly when he shot Smith.  Trial Tr., p. 23.  She testified further that she was "positive" the shooter was Petitioner:

Q      You saw the defendant being arrested?

A      Yes.

Q      The person that the police arrested, was that the same individual that shot Ronnie Smith the early morning of August 25th?

A      Yes.

Q      Are you positive?

A      I'm positive.

Q      Is there any question in your mind?

A      No.

Q      Did you have an opportunity to go to a line up?

A      Yes.

Q      And at that line up did you pick out anybody?

A      Ivan [Petitioner].

Q      Was there any hesitation in your mind at that time?

A      No.

Trial Tr., p. 30.

The second and third witnesses were Shaniece Williams and Cassandra Hall, respectively.   Williams and Hall attended the same party as Pickett, Smith and Petitioner, and were witnesses to the shooting.   At trial, Williams identified Petitioner as the gunman.  Trial Tr., p. 71.  At trial, Hall testified that she saw Smith and Pickett standing outside after the party and observed Petitioner pull out a gun and shoot Smith in the mouth.  Trial Tr., p. 78-79.

Petitioner contends that there was inconsistent and contradictory testimony.  Petitioner highlights the fact that the victim recanted the testimony he gave at the preliminary examination identifying Petitioner as the shooter.  Petitioner also points out inconsistencies in witness testimony including testimony about what clothing the shooter was wearing before, during and after the shooting, and about what the shooter did after firing the gun.  While Petitioner attacks the credibility of Ronnie Smith and Shaniece Williams, he does not attack Tiffany Pickett or Cassandra Hall, both of whom were witnesses to the shooting and positively identified Petitioner as the shooter.  In any event, Petitioner's arguments go to the weight and not the sufficiency of the evidence.  *United States v. Barnett*, 398 F.3d 516, 522 (6th Cir. 2005) (in weighing challenges to the sufficiency of the evidence, court will not weigh the evidence, assess the credibility of the witnesses, or substitute judgment for that of the jury) (quoting *United States v. Wright*, 16 F.3d

17

1429, 1440 (6th Cir. 1994)). There was ample substantial and competent evidence in the record to support Petitioner's conviction.

Accordingly, Petitioner's claim based upon the sufficiency of the evidence lacks merit and would not have provided the basis for a successful appeal. Therefore, Petitioner's appellate counsel was not constitutionally ineffective for failing to raise the claim in the direct appeal and Petitioner has failed to establish prejudice under *Strickland. See Smith,* 528 U.S. at 285-86 (to demonstrate ineffective assistance of appellate counsel, must show that the claims counsel failed to raise would have succeeded on appeal). Further, the inability to establish prejudice under *Strickland* necessarily means that Petitioner cannot establish cause and prejudice to excuse his procedural default. *Joseph,* 474 F.3d at 462-63. Petitioner is not entitled to habeas relief on Claim V.

### 3. Claim VI - Refusal to Allow Testimony About Alleged Witness Tampering

In this Claim, Petitioner contends that his due process rights and his rights under the Fifth and Sixth Amendments were violated when the state trial court refused to let certain evidence in unless Petitioner testified to it. In ruling on the post-conviction motion for relief from judgment, the state trial court summarized and rejected Petitioner's claim as follows:

> Defendant alleges that while he was waiting in a holding cell area outside of the courtroom, he witnessed the officer-in-charge and two witnesses urging complainant Smith to testify the defendant was the person who shot him. The officer-in-charge denied having such a conversation. Defendant then requested that the officer-in-charge and the witnesses be brought into court to testify as to what occurred. The Court refused to allow evidence of this conversation in unless defendant took the stand and testified to it, which defendant declined to do.
>
> The Court fails to see how the testimony of the officer and witnesses regarding this alleged conversation would have led to a reasonably likely chance of acquittal. The parties involved denied that they were encouraging Smith to testify falsely. More importantly, Smith took the stand and testified that he could

18

> not identify defendant as the person who shot him, the very thing defendant
> alleges that the officer and witnesses were encouraging Smith *not* to do.
> Therefore, defendant has failed to show that, but for the Court's refusal to allow
> the officer and witnesses to testify concerning the alleged incident, he would have
> had a reasonably likely chance of acquittal.  MCR 6.508(D)(3)(b)(I).

*People v. Gollman*, No. 02-011287-01 at 6-7 (Wayne Cty. Cir. Ct. Jul. 18, 2006).

"[T]he Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) (quoting *Crane v. Kentucky*, 476 U.S. 683, 690) (1986)).  "[P]resenting relevant evidence is integral to that right." *Baze v. Parker*, 371 F.3d 310, 323 (6th Cir. 2004) (citing *Taylor v. Illinois*, 484 U.S. 400, 408-90 (1988)).  An issue concerning the admissibility of evidence does not rise to a level of constitutional magnitude unless it can be viewed as so egregious that a defendant was denied a fundamentally fair trial. *See Dowling v. United States*, 493 U.S. 342, 352 (1990).  "[T]he Supreme Court has defined 'very narrowly' the category of infractions that violates 'fundamental fairness.'" *Bey v. Bagley*, 500 F.3d 514, 522 (6th Cir.) (quoting *Dowling*, 493 U.S. at 352), *cert. denied,* 128 S.Ct. 1704 (2008).  To determine whether the exclusion of evidence has resulted in the denial of due process, the court should consider the extent to which the evidence is "critical" to the case, whether it "tend[s] to exculpate" the accused and whether the evidence bears "persuasive assurances of trustworthiness." *Turpin v. Kassulke*, 26 F.3d 1392, 1396 (6th Cir. 1994) (quoting *Chambers v. Mississippi*, 401 U.S. 284, 297, 302 (1973)).

Defense counsel sought to put the officer in charge and Smith's sister Gloria Crawford on the stand to question them about the alleged witness tampering.  During the ensuing discussion which occurred outside the presence of the jury, the prosecutor informed the court that the officer in charge denied Petitioner's accusation.  Trial Tr., p. 96.  The prosecutor also told the

court about allegations that Petitioner had been threatening Smith to recant his preliminary

examination testimony that identified Petitioner as the shooter.  *Id.*

Given the officer's denial of Petitioner's accusations, assuming its trustworthiness for the

sake of argument, the officer's excluded testimony would not "tend to exculpate" Petitioner.

Neither would it be "critical" to his case absent his own testimony about what he allegedly

overheard, which would presumably contradict the officer's denial.[7]  Moreover, as the state trial

court emphasized, Smith testified at trial that he did not know the identity of the shooter, and in

fact recanted the contradictory testimony he gave during the preliminary examination.  The

court's evidentiary ruling excluding testimony about alleged witness tampering unless Petitioner

testified to what he allegedly overheard did not violate the fundamental fairness of Petitioner's

trial and therefore did not rise to the level of a constitutional deprivation of due process.

Accordingly, Petitioner's claim based upon the trial court's refusal to allow testimony

about alleged witness tampering lacks merit and would not have provided the basis for a

successful appeal.  Therefore, Petitioner's appellate counsel was not constitutionally ineffective

for failing to raise the claim in the direct appeal and Petitioner has failed to establish prejudice

under *Strickland.  See Smith,* 528 U.S. at 285-86 (to demonstrate ineffective assistance of

appellate counsel, must show that the claims counsel failed to raise would have succeeded on

appeal).  Further, the inability to establish prejudice under *Strickland* necessarily means that

---

[7]In addition to raising a due process claim, Petitioner argues that the trial court's ruling violated his Fifth Amendment privilege against self incrimination. Given that Petitioner was not forced to and did not testify, the crux of the issue and the analysis is whether the court's refusal to allow the questioning of the officer in charge and Ms. Crawford violated Petitioner's right to present a defense.

Petitioner cannot establish cause and prejudice to excuse his procedural default.  *Joseph*, 474

F.3d at 462-63.  Petitioner is not entitled to habeas relief on Claim VI.

### C.  Fundamental Miscarriage of Justice

A petitioner who is unable to show cause and prejudice may still obtain habeas review if

his case fits within a narrow class of cases permitting review in order to prevent a fundamental

miscarriage of justice, as when the petitioner submits new evidence showing that a constitutional

violation has probably resulted in a conviction of one who is actually innocent.  *Murray,* 477

U.S. at 495-96.  A petitioner who seeks review of his underlying constitutional claims under this

exception must show that, in light of new evidence, it is more likely than not that no reasonable

juror would have found petitioner guilty beyond a reasonable doubt.  *See Schlup v. Delo,* 513

U.S. 298, 327 (1995).  Such a claim of actual innocence must be supported with new and reliable

evidence that was not presented at trial.  *Id.* at 324.  Because Petitioner has not presented any

new reliable evidence that he is innocent of the crimes of which he was convicted, a miscarriage

of justice will not occur if the Court declines to review Petitioner's procedurally defaulted claims

on the merits.  *Id.* at 316.  Petitioner is not entitled to relief on Claims IV, V and VI under this

limited exception.

### D.  Claim I - Insufficient Evidence Presented At Preliminary Examination

In Claim I, Petitioner argues that the trial court lacked jurisdiction over his case because

insufficient evidence was presented at the preliminary examination.  Specifically, he argues that

the preliminary examination was based entirely on the "known perjured" testimony of the

shooting victim Ronnie Smith, who later at trial recanted his preliminary examination testimony

in which he identified Petitioner as the shooter.  There is no federal constitutional right to a

preliminary examination.  *Dillard v. Bomar,* 342 F.2d 789, 790 (6th Cir.1965); *see also Gerstein v. Pugh*, 420 U.S. 103, 119 (1975) (Constitution does not require that a probable cause hearing be conducted prior to prosecution by information).  Further, "a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." *Gerstein*, 420 U.S. at 119 (citations omitted).   Because the bind-over decision itself is a question of state law that does not implicate a federal constitutional right, a challenge to such a decision is not cognizable on federal habeas corpus review.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *David v. Lavinge*, 190 F.Supp.2d 974, 978 (E.D. Mich. 2002) (citations omitted).  The court notes that the jury heard Smith admit that he lied at the preliminary examination and that he actually could not identify the shooter.  The jury also heard witnesses to the shooting testify that Petitioner was the shooter.  As set forth in section III.B.2, there was sufficient evidence to support the conviction and Smith's recantation and the jury's verdict are not inconsistent.  Habeas relief is not warranted on Claim I.

### E.  Claims II and III - Ineffective Assistance of Appellate Counsel

In Claims II and III, Petitioner asserts as a stand alone basis for habeas relief that his appellate counsel was constitutionally ineffective for failing to raise what he believed were meritorious claims in his direct appeal.  As set forth in section III.B above, Petitioner cannot establish that the claims appellate counsel failed to raise would have succeeded on appeal and therefore cannot establish prejudice under *Strickland*.  Because Petitioner cannot meet his burden of showing prejudice under the *Strickland* test, the state court decisions on this issue were neither contrary to clearly established federal law nor based upon an unreasonable determination

22

of the facts in light of the evidence presented in the state court proceeding.  Petitioner is

therefore not entitled to habeas relief on Claims II and III.

## IV.  CONCLUSION

For the reasons set forth above, **it is hereby ORDERED** that Petitioner's application for

a writ of habeas corpus is **DENIED.**

s/John Corbett O'Meara

UNITED STATES DISTRICT JUDGE

Date:  April 17, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on
this date, April 17, 2009, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager

23